**RUTLAND SAV. BANK OF RUTLAND, VT., et al. v. WILSON et al.**

**No. 9162.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 8, 1939.

Rehearing Denied Jan. 29, 1940.

---

James Livingstone Lipscomb, of Dallas, Tex., for appellants.

W. M. Bates, of Dallas, Tex., and Richard F. Burns, of Houston, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Begun first, in September, 1935, after appellant had started foreclosure proceedings under power of sale, dismissed in 1937, and renewed in 1938, this suit was brought by appellees for an injunction against sale under and for cancellation, or in the alternative for reduction, of notes and the liens of deeds of trust they had given in 1931 in renewal of loan papers first executed in 1921 on a $35,000 loan.

The claim was usury because of notes called "Commission", but in reality for interest, given to Deming Investment Company at the time of and in connection with the floating of the loan in 1921. There was a tender of $4,824.78, as the balance remaining due after all interest payments had been credited to the principal, and a prayer; that all deeds of trust and notes or in the alternative, all notes except No. 8, due January 1, 1941 be cancelled; that that note be reduced to $4,824.78, and the deed of trust securing it as so reduced, correspondingly corrected; and, that there be a general accounting between plaintiffs and defendants, with full relief to plaintiffs, legal and equitable.

Defendants answered, vigorously insisting that Deming Investment Company, was plaintiffs' agent in the procuring of the loan, that the notes given to it were not interest but Commission notes, and that the loan was not affected by usury. Becoming actor, defendant, Rutland Savings Bank, as owner and holder of the notes and lien, prayed for a decree of foreclosure against the plaintiffs and against the First State Bank and Trust Company of Bryan, Texas, as holder of a second lien.

The District Judge, after a full hearing, determined the issue of agency and commission, in favor of plaintiffs; found the so-called "Commission" notes to be interest notes, and the original loan tainted with usury; that the usury had not been purged, but was carried into the renewal notes; that plaintiffs were entitled to have all payments of interest made on the principal note credited to it, leaving a balance due thereon, of $14,350; that this balance was not due until January 1, 1941; and that the defendant's cross-action had been prematurely brought.

On these findings, he entered a decree for plaintiffs; that defendant surrender to plaintiffs, the original notes for $35,000, and all of the renewal notes, except the last maturing one; that the deeds of trust were illegal liens, except for $14,350 without interest; and that appellant could not have foreclosure until 1941, the due date

of the last maturing note, as extended in 1931.

Appellant, Rutland Savings Bank, is here complaining of the finding of fact; that the Deming notes were not "Commission" but interest notes, and the loan usurious; and of the conclusions of law, that though plaintiffs were presently entitled to the relief of crediting their debt with the interest payments reducing it to a principal sum of $14,350, plaintiff would owe no interest, and defendant could not foreclose upon the debt as reduced, until January 1, 1941.

■ A careful consideration of appellant's complaint of the fact findings in the light of the established rule that such findings will not be disturbed on appeal, unless shown to be clearly erroneous, convinces us that the complaint must be rejected.

Without undertaking to detail the evidence, it is sufficient to point, as amply supporting the findings to these facts; that, the enormity of the "Commission", nearly $9,000 on a loan of $35,000; the admitted fact that the "Commission" form note was uniformly used by Deming in all of its transactions, whether it made the loan itself or took it for others; the uncontradicted testimony of the plaintiffs, that the so-called designation of agent form was not read nor explained to them; that they were not told that Deming was their agent, but were merely told that they were borrowing the money from Deming at 8%; and that it was explained to them, that though the four notes aggregating $8700, payable in four years, and taken with the 6% payable annually, on the $35,000 loan, amounted to considerably more than 8% paid in those years, the whole loan would average throughout its term, no more than 8%.

■ We approve the decree therefore, insofar as it adjudges usury in the transaction, and awards relief on account of it, by compelling a credit on the principal of all sums paid to Rutland Savings Bank as interest. Insofar though, as it denies appellant interest, from the time, in 1935, of appellant's attempted foreclosure and plaintiffs' first suit to enjoin, the decree was not, we think, in accord with equitable principles, and must be reformed to accord therewith.

■ The assumption on which the District Judge proceeded, in making this decree, that in 1931, when the renewal notes for $35,000 were given, the original notes for that sum had been reduced by payment of usurious interest to $14,350 and the renewal notes were therefore, themselves greatly usurious, is not a correct one. Under settled Texas law, payments made as interest on usurious obligations are not, by law, automatically applied to the principal. Adleson v. Dittmar Company, 124 Tex. 564, 80 S.W.2d 939, 941. If this were not so, if as appellees claim, and as the District Judge found, the interest payments, all of which were made prior to the renewal in 1931, had already been automatically applied to the principal, leaving due, at its maturity in 1931, a principal sum of $14,350, the usury would have been fully purged out of it, and if there had been no renewal, the creditor would have been entitled to legal interest at 6% on the amount of the principal remaining unpaid from that date. If the interest payments are to be regarded as having been automatically applied, appellee's complaint against the renewed notes, would have been, not usury, but want of consideration and mutual mistake, as to all amounts thereof, in excess of the reduced sum, and a Court of Equity, reforming the contract for the amount actually due at the time of the renewal, could have appropriately allowed interest on that sum from the renewal date, at 7% the stipulated rate.

But, as we have seen, interest payments are not so automatically credited, and no such result could occur. Until, appellees by their original suit, brought in September, 1935, for injunction against the foreclosure by sale under power and for an accounting, claimed the right to credit upon the indebtedness, all amounts paid as interest, and tendered the balance due after such credit, the payments made as interest were still payments so made.

■ It was only after and because of plaintiff's invocation of this right of credit, that the first maturing principal notes, as extended, ceased to have existence as principal notes. Until discharged by crediting in response to plaintiff's claim, they were principal notes, and appellant had the right, under its renewal contract, to mature its whole indebtedness and obtain foreclosure thereof, because of the default in payment of some of them.

When then, appellees, appealed to a Court of Equity for relief, by way of accounting, adjustment and cancellation, all

of the notes had by acceleration become due, and while appellees were entitled in this suit, re-filed after dismissal of its first suit, to the relief they prayed for, of credit on and reduction and cancellation of an amount of the principal, equivalent to the usurious interest paid, appellant was entitled to its decree of foreclosure for the $14,350 remaining due, with interest on same at 6%, from September, 1935, when the debt was matured.

For the error in denying this relief, the decree is reversed and the cause is remanded with directions to enter a decree for appellant on its cross-action for the $14,350, with interest from Sept. 1, 1935, at 6% per annum, and for foreclosure of its lien as against all of the appellees.

Reversed and remanded.